# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **TAMMY GREENFIELD,** Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ABCM CORPORATION,**<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Tammy Greenfield—brings this action individually and on behalf of all current and former hourly patient-facing care providers, who were subject to an automatic meal break pay deduction (collectively, "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—ABCM Corporation ("ABCM")—anywhere in the United States, at any time from February 14, 2020, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages and liquidated damages pursuant to the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code Ann. § 91A.8–.15.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action pursuant to the state laws of Iowa under FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for ABCM at any time from February 14, 2020, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period, ABCM knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, ABCM's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7. The effect of ABCM's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, ABCM has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and IWPCL.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the IWPCL.

9. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the IWPCL as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Greenfield designated as the Class Representative of the Iowa Class.

## II.
## THE PARTIES

12. Plaintiff Tammy Greenfield ("Greenfield") was employed by ABCM in Iowa during the relevant time period. Plaintiff Greenfield did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The FLSA Collective Members are those current and former hourly patient-facing care providers who were employed by ABCM at any time from February 14, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Greenfield worked and was paid.

14. The Iowa Class Members are those current and former hourly patient-facing care providers who were employed by ABCM in Iowa, at any time from February 14, 2021, through the

---

[1] The written consent of Tammy Greenfield is attached hereto as Exhibit "A."

final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Greenfield worked and was paid.

15. Defendant ABCM Corporation is a domestic for-profit corporation, licensed to and doing business in the State of Iowa, and may be served through its registered agent for service of process: **Richard A Allbee, 1320 4th Street NE, Hampton, Iowa 50441.**

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional Iowa state law claims pursuant to 28 U.S.C. § 1367.

18. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19. This Court has general and specific personal jurisdiction over ABCM because Iowa qualifies as its home state and because ABCM employed Plaintiff in Iowa.

20. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Iowa because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Additionally, ABCM's corporate headquarters are in Hampton, Iowa, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22. Defendant ABCM operates several assisted living and long-term care facilities providing healthcare services to its patients throughout the state of Iowa.[2]

---

[2] https://www.abcmcorp.com/.

23. To provide its services, ABCM employed (and continues to employ) numerous hourly patient-facing care providers—including Plaintiff and the individuals that make up the putative collective and class.

24. Plaintiff and the Putative Collective/Class Members were employed by ABCM as non-exempt, patient-facing care providers who had a meal break automatically deducted from their daily time.

25. Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Registered Nurse, Licensed Practical Nurse, Certified Nursing Assistant, Personal Care Assistant, Certified Medication Aide, and Charge Nurse.

26. Plaintiff and the Putative Collective/Class Members' job duties include assisting residents with their daily activities such as eating, dressing, and bathing, administering medicine, and checking patient vitals.

27. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout ABCM's facilities.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as ABCM) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Greenfield was employed by ABCM in Webster City, Iowa as a Registered Nurse from approximately April 2020 until November 2022.

30. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of ABCM resulting in the complained of FLSA and Iowa state law violations.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all provide patient-facing healthcare services on behalf of ABCM.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and have at least a 30-minute meal break deducted automatically.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of ABCM resulting in the complained of FLSA and Iowa state law violations.

34. Plaintiff and the Putative Collective/Class Members were typically scheduled to work three (3) or four (4) 12-hour shifts a week, which equates to thirty-six (36) or forty-eight (48) hours per week—these are referred to as "on-the-clock" hours.

35. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between one-and one-half to two hours "off-the-clock" per week and have not been compensated for that time.

36. ABCM has a policy to automatically deduct a 30-minute meal periods from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

37. Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

38. Despite automatically deducting thirty (30) minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, ABCM does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

39. ABCM's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

40. Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of assistance pursuant to ABCM's policies.

41. Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

42. Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

43. ABCM was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Iowa state law.

44. Specifically, Plaintiff and the Putative Collective/Class Members regularly informed their ABCM managers that they were unable to take their meal breaks.

45. ABCM's systematic deduction of thirty (30) minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Iowa state law.

46. Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, ABCM's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

47. When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, ABCM's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

48. As a result of ABCM's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Iowa state law.

49. ABCM knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

50. ABCM knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

51. ABCM knew or should have known that automatically deducting thirty minutes for a meal break, while it simultaneously caused and required Plaintiff and the Putative Collective/Class Members to perform necessary work during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

52. Because ABCM did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, ABCM's pay policies and practices willfully violated (and continue to violate) the FLSA.

53. Because ABCM did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, ABCM's pay policies and practices violated (and continue to violate) Iowa state law.

54. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time and liquidated damages pursuant to the IWPCL.

# V.
# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

55. The preceding paragraphs are incorporated as though fully set forth herein.

56. The "FLSA Collective" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR ABCM CORPORATION, AT ANY TIME FROM FEBRUARY 14, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

57. At all material times, ABCM has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. At all material times, ABCM has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59. At all material times, ABCM has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60. Specifically, ABCM operates numerous health care facilities in Iowa and purchases materials through commerce, transports materials through commerce and on the interstate highways,

and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by ABCM, these individuals provided services for ABCM that involved interstate commerce for purposes of the FLSA.

62. In performing work for ABCM, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted ABCM's customers and employees throughout the United States. 29 U.S.C. § 203(j).

64. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

65. The proposed collective of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of ABCM.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

67. ABCM violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68. Moreover, ABCM knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69. ABCM knew or should have known its pay practices were in violation of the FLSA.

70. ABCM is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ABCM to pay them according to the law.

72. The decision and practice by ABCM to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

73. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of ABCM's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

76. Other similarly situated employees of ABCM have been victimized by ABCM's patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective Members are defined in ¶ 56.

78. ABCM's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of ABCM's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

79. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

82. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and ABCM will retain the proceeds of their violations.

84. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in ¶ 56.

## COUNT TWO
### (Class Action Alleging Violations of the IWPCL)

**A.  IWPCL COVERAGE**

86. Paragraphs 1–85 are fully incorporated herein.

87. The "Iowa Class" is defined as:

**ALL HOURLY PATIENT-FACING CARE PROVIDERS WHO WORKED FOR ABCM CORPORATION, IN THE STATE OF IOWA AT ANY TIME FROM FEBRUARY 14, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Iowa Class" or "Iowa Class Members").**

88. At all material times, ABCM has been an "employer" within the meaning of the IWPCL. Iowa Code Ann. § 91A.2(4).

89. At all material times, Plaintiff Greenfield and the Iowa Class Members have been "employees" within the meaning of the IWPCL. Iowa Code Ann. § 91A.2(3).

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IWPCL**

90. All previous paragraphs are incorporated as though fully set forth herein.

91. The IWPCL requires that "employer[s] shall pay all wages due its employees, less any lawful deductions specified in Section 91A.5, at least in monthly, semimonthly, or biweekly installments on regular paydays which are at consistent intervals from each other and which are designated in advance by the employer." Iowa Code Ann. § 91A.3(1).

92. The IWPCL further prohibits employers from withholding an employee's wages except for certain enumerated exceptions. Iowa Code Ann. § 91A.5.

93. ABCM intentionally withheld and failed to pay Plaintiff Greenfield and the Iowa Class Members all of their due wages within the time frame required by the IWPCL.

94. Specifically, ABCM intentionally withheld wages in the form of meal break deductions applied to Plaintiff Greenfield and the Iowa Class Members' wages even though ABCM was aware that Plaintiff Greenfield and the Iowa Class Members had not received their meal breaks.

95. Moreover, ABCM's withholding of wages does not meet one of the withholding exemptions listed within Section 5 of the IWPCL.

96. Plaintiff and the Iowa Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of ABCM.

97. These claims are independent of Plaintiff and the Collective Members' claims for unpaid overtime wages pursuant to the FLSA and are therefore not preempted by the FLSA.

98. Plaintiff Greenfield, on behalf of herself and the Iowa Class Members, seeks recovery of their unpaid straight time wages, liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by ABCM. Iowa Code Ann. § 91A.8.

99. Accordingly, the Iowa Class should be certified as defined in Paragraph 87.

**C. IOWA CLASS ALLEGATIONS**

100. Plaintiff Greenfield and the Iowa Class Members bring their IWPCL claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by ABCM to work in Iowa since February 14, 2021.

101. Class action treatment of Plaintiff Greenfield and the Iowa Class Members' claims is appropriate because all of Rule 23's class action requisites are satisfied.

102. The number of Iowa Class Members is so numerous that joinder of all class members is impracticable.

103. Plaintiff Greenfield's Iowa state-law claims share common questions of law and fact with the claims of the Iowa Class Members.

104. Plaintiff Greenfield is a member of the Iowa Class, her claims are typical of the claims of other Iowa Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Iowa Class Members.

105. Plaintiff Greenfield and her counsel will fairly and adequately represent the Iowa Class Members and their interests.

106. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107. Accordingly, the Iowa Class should be certified as defined in Paragraph 87.

## VI.
## RELIEF SOUGHT

108. Plaintiff Greenfield respectfully prays for judgment against ABCM as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 56;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding ABCM liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Iowa Class as defined in ¶ 87, and designating Plaintiff Greenfield as Representative of the Iowa Class;

    e. For an Order pursuant to the Iowa state law awarding Plaintiff Greenfield and the Iowa Class Members damages for unpaid wages, liquidated damages, and all other damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Greenfield a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of ABCM, at ABCM's expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 14, 2023

Respectfully submitted,

**SHERINIAN & HASSO LAW FIRM**

By: /s/ *Mark D. Sherinian*
**Mark D. Sherinian**
AT0007173
E-mail: sherinianlaw@msn.com

By: /s/ *Melissa C. Hasso*
**Melissa C. Hasso**
AT0009833
Email: mhasso@sherinianlaw.com
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone (515) 224-2079
Facsimile (515) 224-2321

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and Putative Collective/Class Members*